**Feras EL HEFNAWI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71682.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 1, 2004.*

Decided Nov. 24, 2004.

Elias Z. Shamieh, Esq., Law Offices of Shamiyeh & Shamieh, San Francisco, CA, for Petitioner.

Amos Lawrence, Esq., Attorney At Law, San Francisco, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Terri J. Scadron, Esq., DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Feras El Hefnawi, who claims to be a native of Palestine and stateless, petitions for review of an order of the Board of Immigration Appeals, affirming without

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

opinion the decision of the Immigration Judge ("IJ"). The IJ found that El Hefnawi was not credible and therefore denied his application for asylum and for withholding of removal and voluntary departure, and ordered his removal to Israel or alternatively to the Palestinian Authority. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The IJ's adverse credibility determination was supported by substantial evidence. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (stating that the IJ's adverse credibility finding is reviewed for substantial evidence and therefore must be upheld unless the petitioner demonstrates that "no reasonable factfinder could conclude that he is ineligible for relief from removal"). The IJ relied on contradictions between El Hefnawi's testimony and his statements at the border regarding his reasons for seeking asylum. The IJ also relied on numerous inconsistencies in El Hefnawi's testimony regarding material aspects of his claim, such as his claimed identity and the alleged persecution by Islamic Jihad on account of his political opinion. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000) (stating that inconsistencies in the petitioner's testimony regarding the alleged persecution "go to the heart of her asylum application" and thus justify an adverse credibility finding).

On review, El Hefnawi has failed to offer any explanation or argument sufficient to overturn the IJ's decision. The petition for review accordingly is

DENIED.